ACCEPTED
15-24-00118-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/8/2025 9:09 AM
CHRISTOPHER A. PRINE
CLERK



Austin | Charlotte | Dallas | Fort Worth | Houston | Nashville | New York | San Antonio | The Woodlands

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/8/2025 9:09:28 AM
CHRISTOPHER A. PRINE
Clerk

direct dial: 512.370.2802
zclark@winstead.com

April 8, 2025

**Via E-File**

Christopher A. Prine
Clerk of the Court
Fifteenth Court of Appeals
300 W. 15th Street, Suite 607
Austin, TX 78701

> Re: No. 15-24-00118-CV; *Aspire Power Ventures, LP v. Public Utility Commission of Texas, Electric Reliability Council of Texas, Thomas Gleeson, Lori Cobos, Jimmy Glotfelty, Kathleen Jackson, and Courtney Hjaltman;* In the Fifteenth Court of Appeals, State of Texas

Dear Mr. Prine:

On April 1, 2025, Appellant Aspire filed a letter informing the Court of the Texas Supreme Court's recently issued opinion in *Kensington Title-Nevada, LLC v. Texas Department of State Health Services*,[1] which purportedly decided "the very same" exhaustion argument that ERCOT and the PUCT make here. *Kensington* does nothing of the sort.

*Kensington* centered on whether the plaintiff-petitioner pled a proper rule-applicability challenge under APA § 2001.038(a).[2] No one disputed that the challenged DSHS licensing rule was a "rule" under and subject to the APA.[3] DSHS's argument was instead that the petitioner's challenge of "the Department's *application* of the rule rather than the *applicability* of the rule" fell outside APA § 2001.038(a)'s limited immunity waiver;[4] thus, the *Kensington* Court's jurisdictional analysis turned exclusively on "the scope of Section 2001.038(a) applicability claims."[5] Because the Court determined the petitioner "pled a proper rule-applicability challenge within the

---

[1] 2025 WL 937478 (Tex. March 28, 2025).

[2] *Id.* at *4.

[3] *See id.* at *2, 4. Specifically, the petitioner challenged the applicability of 25 Tex. Admin. Code § 289.252(a)(2), which regulates the possession and use of radioactive materials.

[4] *Id.* at *2 (emphasis original).

[5] *Id.*

scope of [APA § 2001.038(a)'s] immunity waiver," the petitioner was not required to exhaust its administrative remedies.[6]

As ERCOT has already explained (ERCOT BOM at 44), Aspire's reliance on the APA's exhaustion carveout ignores the key threshold jurisdictional issue in dispute here: whether the ERCOT Protocols and PUCT orders approving ERCOT Protocols are "rules" under and subject to the APA. ERCOT BOM at 45–46; *see also* PUCT BOM at 26. They are not, as *RWE* makes clear.[7]

Because the ERCOT Protocols are not APA "rules," ERCOT properly asserted its immunity and the PUCT's exclusive jurisdiction in its Amended Plea. The Texas Supreme Court has already held that complaints regarding ERCOT's alleged violations of PURA and "whether ERCOT properly implemented its protocols . . . come[] within the PUC[T]'s exclusive jurisdiction."[8] As in *CPS*, the trial court here lacked jurisdiction because ERCOT is immune <u>and</u> because the PUCT has exclusive jurisdiction over complaints about ERCOT's alleged PURA violations and its Protocols.[9]

Respectfully submitted,

Elliot Clark

cc:     All parties of record

---

[6] *Id*. at *5–6 ("The[] efforts to invoke concepts of primary jurisdiction and exhaustion of administrative remedies are misplaced. As we have already explained, the statute expressly authorizes a 'court [to] render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question.'") (quoting APA § 2001.038(d)).

[7] *PUCT v. RWE Renewables Americas, LLC*, 691 S.W.3d 484, 491–92 (Tex. 2024).

[8] *CPS Energy v. ERCOT*, 671 S.W.3d 605, 619–620 (Tex. 2023).

[9] *Id*.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elliot Clark
Bar No. 24012428
eclark@winstead.com
Envelope ID: 99391715
Filing Code Description: Letter
Filing Description: ERCOT Response Ltr re Aspire Supp Auth
Status as of 4/8/2025 9:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark Little | | mark.little@bakerbotts.com | 4/8/2025 9:09:28 AM | SENT |
| Macey Stokes | | macey.stokes@bakerbotts.com | 4/8/2025 9:09:28 AM | SENT |
| David Laurent | | david.laurent@oag.texas.gov | 4/8/2025 9:09:28 AM | SENT |
| Laura Courtney | | laura.courtney@oag.texas.gov | 4/8/2025 9:09:28 AM | SENT |
| George Fibbe | | george.fibbe@bakerbotts.com | 4/8/2025 9:09:28 AM | SENT |
| Patrick Leahy | | patrick.leahy@bakerbotts.com | 4/8/2025 9:09:28 AM | SENT |
| James ScottMcCarley | | scott.mccarley@oag.texas.gov | 4/8/2025 9:09:28 AM | SENT |

Associated Case Party: Aspire Power Ventures, LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brent M.Rubin | | brubin@ccsb.com | 4/8/2025 9:09:28 AM | SENT |
| Ken Carroll | | kcarroll@ccsb.com | 4/8/2025 9:09:28 AM | SENT |
| Chrysta L.Castaneda | | chrysta@castaneda-firm.com | 4/8/2025 9:09:28 AM | SENT |
| Nicole Michael | | nicole@castaneda-firm.com | 4/8/2025 9:09:28 AM | SENT |
| Monica Latin | | mlatin@ccsb.com | 4/8/2025 9:09:28 AM | SENT |

Associated Case Party: Electric Reliability Council of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elliot Clark | | eclark@winstead.com | 4/8/2025 9:09:28 AM | SENT |
| Elin Isenhower | | eisenhower@winstead.com | 4/8/2025 9:09:28 AM | SENT |
| Elin Isenhower | | eisenhower@winstead.com | 4/8/2025 9:09:28 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elliot Clark
Bar No. 24012428
eclark@winstead.com
Envelope ID: 99391715
Filing Code Description: Letter
Filing Description: ERCOT Response Ltr re Aspire Supp Auth
Status as of 4/8/2025 9:14 AM CST

Associated Case Party: Electric Reliability Council of Texas

| Elin Isenhower | | eisenhower@winstead.com | 4/8/2025 9:09:28 AM | SENT |
|---|---|---|---|---|
| Elliot Clark | | eclark@winstead.com | 4/8/2025 9:09:28 AM | SENT |

Associated Case Party: Public Utility Commission of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amanda AtkinsonCagle | | Amanda.Cagle@oag.texas.gov | 4/8/2025 9:09:28 AM | SENT |
| Jordan Pratt | | Jordan.Pratt@oag.texas.gov | 4/8/2025 9:09:28 AM | SENT |
| John Hulme | | John.Hulme@oag.texas.gov | 4/8/2025 9:09:28 AM | SENT |